IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Benjamin Nelson Holmes, ) | Case Nos. 4:01-cr-00121-CWH-1 |
| Petitioner, ) | 4:14-cv-02417-CWH |
| vs. ) | **ORDER** |
| United States of America, ) | |
| Respondent. ) | |

This matter is before the Court on the consent motion of the United States and Benjamin Nelson Holmes (the "petitioner") for judgment in favor of the petitioner (the "Consent Motion") as to his pending 28 U.S.C. § 2255 petition (the "2255 Petition"). The petitioner and the United States request the Court to vacate the judgment in the underlying criminal case and resentence the petitioner on the grounds that in light of Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer has three predicate convictions under the Armed Career Criminal Act. For the reasons set forth in this Order, the Consent Motion (ECF No. 128) and 2255 Petition (ECF No. 120) are granted.

Following a jury trial, the petitioner was convicted on two felony counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On November 20, 2002, the Court sentenced the petitioner to an imprisonment term of 260 months as to each count to run concurrently, followed by five years of supervised release. Because the petitioner had at least three prior convictions for violent felonies or serious drug offenses, his sentence included a mandatory minimum term of 180 months imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), (the "ACCA"). On appeal, the Fourth Circuit Court of Appeals affirmed the Court's judgment. United States v. Holmes, 376 F.3d 270, 271 (4th Cir. 2004).

On June 16, 2014, the petitioner filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 63). On July 13, 2015, the petitioner filed a pro se motion to amend his pending motion in light of the ruling in Johnson. (ECF No. 89). On February 4, 2016, the Court appointed the Federal Public Defender's Office to determine whether the petitioner is entitled to relief under Johnson and to take actions to pursue that relief. (ECF No. 111). On April 28, 2016, the Fourth Circuit authorized the petitioner to file a second or successive 28 U.S.C. § 2255 motion because he made a prima facie showing that the new rule of constitutional law announced in Johnson may apply to his case. (ECF No. 119). On April 28, 2016, the petitioner filed the 2255 Petition currently before the Court. On August 11, 2016, the Federal Public Defender filed the instant Consent Motion on behalf of the petitioner with the consent of the United States, requesting the Court to grant the petitioner's 2255 Petition and vacate his judgment.

In Johnson, the United States Supreme Court held that the definition of prior "violent felony" in the ACCA's residual clause was unconstitutionally vague under due process principles. Johnson, 135 S. Ct. at 2563. In light of this ruling, the United States agrees that the petitioner is entitled to the relief requested in his 2255 Petition and has no objection to the Court vacating the petitioner's sentence and resentencing him without the enhancement under 18 U.S.C. § 924(e). (Consent Mot. 1). Accordingly, the Consent Motion (ECF No. 128) and 2255 Petition (ECF No. 120) are granted.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

August 16, 2016
Charleston, South Carolina